IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IKARA CHRISTIANA EARNESTINE
EUGE VAGANTE DE ROSSITTE, f/n/a
Christopher Eugene De Rossitte                                          PLAINTIFF

v.                                    Case No. 6:25-cv-6096

WARDEN JERRY BYERS, *et al*.                                          DEFENDANTS

## <u>ORDER</u>

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 30. Upon preservice screening of Plaintiff's Amended Complaint (ECF No. 26) pursuant to 28 U.S.C. § 1915A, Judge Ford recommended that Plaintiff's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted. Judge Ford further recommended that the Clerk be directed to place a strike flag on this case pursuant to 28 U.S.C. § 1915(g) for future judicial consideration and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that no appeal from the dismissal of the Amended Complaint will be taken in good faith.

Plaintiff submitted a "Nominal Objection" to the R&R. ECF No. 37. Plaintiff states that she "respects and does not wholly disagree with" Judge Ford's analysis. ECF No. 37, p. 2. Without a specific objection to the R&R, the Court need only review it for clear error. *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990) (noting that an objection to a Magistrate's R&R must be timely and specific to require a de novo review of the R&R). Plaintiff then requests leave to submit a Second Amended Complaint to address the flaws identified by Judge Ford.

Plaintiff offers a few vague changes she intends to make in the newly proposed pleading, such as dropping a few Defendants and offering more concise statements of alleged constitutional violations. Plaintiff's Objection was filed twice on the docket, with the second filing being labeled as a Motion for Leave to File Second Amended Complaint. ECF No. 38.

As to Plaintiff's request to file a Second Amended Complaint, the Court finds that the request must be denied. There is no absolute right to amend a pleading. *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Rather, the decision is a discretionary matter for the district court to resolve. *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994). Undue delay and failure to cure prior deficiencies through amendment are good reasons to deny leave to amend. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Judge Ford detailed in the instant R&R that the Court was previously lenient in allowing Plaintiff extensions to amend her pleading and then permitting her to file the Amended Complaint beyond the directed deadline. ECF No. 30, p. 2-3. Further, Plaintiff already received one opportunity to cure deficiencies in her initial Complaint. Her vague offerings of how she will correct the shortcomings identified by Judge Ford in the Amended Complaint are inadequate to persuade the Court that the requested amendment will satisfy pleading standards. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 38) is **DENIED**.

Returning to the R&R, the Court's review reveals no error on the face of the record and that Judge Ford's reasoning is sound. Accordingly, the Court adopts the R&R (ECF No. 30) in toto. Plaintiff's Amended Complaint (ECF No. 26) is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to place a strike flag on this case pursuant to 28 U.S.C. § 1915(g) for future judicial consideration. The Court also certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal from this dismissal will not be taken in good faith.

**IT IS SO ORDERED**, this 23rd day of July, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

3